UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JAMES LUCAS SOUTHAM, individually, and
KARLA SOUTHAM, individually,

    Plaintiffs,

v.

HALSTED FINANCIAL SERVICES, LLC,    **JURY DEMAND**
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiffs JAMES LUCAS SOUTHAM and KARLA SOUTHAM alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") against Defendant HALSTED FINANCIAL SERVICES, LLC. Plaintiffs allege that Defendant incessantly and unlawfully called their cellular telephones using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiffs reside here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff JAMES LUCAS SOUTHAM is a natural person and a citizen of the State of Florida, residing in Palm Beach County, Florida.  Said Plaintiff is the sole owner, possessor, user, and subscriber of a cellular telephone that Defendant was calling.

6. Plaintiff KARLA SOUTHAM is a natural person and a citizen of the State of Florida, residing in Palm Beach County, Florida.  Said Plaintiff is the sole owner, possessor, user, and subscriber of a cellular telephone that Defendant was calling.

7. Plaintiffs are husband and wife.

8. Defendant HALSTED FINANCIAL SERVICES, LLC. ("Halsted") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 800 N. Lincoln Avenue, #LL2, Skokie, IL 60077; Plaintiff further alleges that Halsted is a citizen of the States of Illinois.

9. Defendant regularly collects or attempts to collect consumer debts for other persons.

10. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Plaintiff KARLA LOPEZ previously incurred a consumer debt to Credit One Bank in connection with a personal credit card.

12. Credit One Bank subsequently engaged the services of Defendant Halsted to attempt to collect said debt.

13. Halsted subsequently discovered each of the Plaintiffs' cellular telephones, and began placing automated telephone collection calls to them in an effort to collect said debt.

14. Upon answering any of these calls, the Plaintiffs were always met with an automated, machine-operated voice that immediately delivered the following pre-recorded message before hanging up:

> This message is solely intended for KARLA LOPEZ.  If you are not KARLA LOPEZ please hang up now and disregard this message.  File number 5029296, which was placed with HALSTED FINANCIAL SERVICES has been escalated to our final review department due to a lack of response from the required respondent.  A full review of this file is being conducted by one of our loss mitigation specialists, and a recommendation of action to our client is imminent.  In order for your personal statement to be included in this review, call the representative responsible for conducting the review at 866-538-2427 immediately upon receipt of this message.  Failure to respond will result in our recommendation being submitted to our client without your personal statement being included.

15. The aforementioned pre-recorded message is always delivered by the same voice, except for the words "KARLA LOPEZ," "HALSTED FINANCIAL SERVICES," and "866-538-2427," all of which are spoken by an artificial, machine-generated voice.

16. Defendant left the aforementioned message on Plaintiff JAMES LUCAS SOUTHAM's cellular telephone voicemail system on March 13, 2015.

17. The Defendant's method of contacting Plaintiffs is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 F.C.C.R. 14014, 14091-92 (2003).

18. In sum, the Defendant made telephone calls to Plaintiffs' cellular telephones, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

19. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call cellular telephones, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates paragraphs 1 through 19 herein.

21. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiffs' cellular telephones, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiffs JAMES LUCAS SOUTHAM and KARLA SOUTHAM request that the Court enter judgment in favor of Plaintiff and against Defendant HALSTED FINANCIAL SERVICES, LLC for:

   a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

   b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

   c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

   e. litigation expenses and costs of the instant suit; and

   f. such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff incorporates paragraphs 1 through 19 herein.

23. Defendant violated 15 U.S.C. § 1692e(11) of the FDCPA by failing to disclose in each of its telephone calls to Plaintiffs that the communication is from a debt collector.

WHEREFORE, Plaintiffs JAMES LUCAS SOUTHAM and KARLA SOUTHAM request that the Court enter judgment in favor of Plaintiff and against Defendant HALSTED FINANCIAL SERVICES, LLC for:

    a. actual damages;

    b. statutory damages of $1,000.00;

    c. attorney's fees, litigation expenses, and costs of the instant suit, and;

    d. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 8th day of April, 2015.

    BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
    Bret L. Lusskin, Esq.
    Florida Bar No. 28069