UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CV-80460-ROSENBERG/BRANNON

JAMES LUCAS SOUTHAM, individually, and
KARLA SOUTHAM, individually,
    Plaintiffs,

v.

HALSTED FINANCIAL SERVICES, LLC,
a foreign limited liability company,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' VERIFIED MOTION FOR AWARD OF ATTORNEY'S FEES

**THIS CAUSE** came before the Court upon the Plaintiffs' Verified Motion for Award of Attorney's Fees [DE 16], filed on July 28, 2015. The Court has considered the motion, the attachments to the motion, the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons set forth below, the motion is **GRANTED**.

### I. BACKGROUND

Plaintiffs filed a complaint against Defendant alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. DE 1. After Defendant was served and failed to answer, this Court entered a default judgment for Plaintiffs. *See* DE 12, 13. By virtue of the default, which admitted the well-pled allegations of the Complaint, this Court found Plaintiffs were entitled to $42,000 in damages for violations of the TCPA and $2,000 for violations of the FDCPA. *See* DE 12.

### II. LEGAL STANDARD

Plaintiffs move for attorney's fees under the FDCPA, which provides in pertinent part:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a)(3).

The Eleventh Circuit Court of Appeals has directed district courts to utilize the "lodestar" approach in awarding FDCPA attorney's fees. *Moton v. Nathan & Nathan, P.C.*, 297 F. App'x 930, 932 (11th Cir. 2008). Under the lodestar approach, "[t]he starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This 'lodestar' may then be adjusted for the results obtained." *Id.* (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "Although a district court has wide discretion in performing these calculations, the court's order on attorney's fees must allow meaningful review– the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id.* (quoting *Loranger*, 10 F.3d at 781).

"Plaintiffs have the burden to establish their entitlement to an attorney's fee and also to provide documentation of a reasonable hourly rate and hours expended." *Dempsey v. Palisades Collection, Inc.*, No. CIV.A. 09-00309-KD-C, 2010 WL 923473, at *2 (S.D. Ala. Mar. 11, 2010). "To meet this burden, plaintiffs may produce 'either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates.'" *Id.* (quoting *Duckworth v. Whisenant*, 97 F.3d 1393, 1395 (11th Cir. 1996)).

### III. DISCUSSION

**A. Calculation of the Lodestar**

    **1. Reasonable Hourly Rate**

2

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. . . . Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299. "A court, however, 'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

Plaintiffs request an hourly rate of $375.00 for the services of Bret L. Lusskin, Esq. In support of this hourly rate, Plaintiffs submit sworn declarations from Mr. Lusskin himself and from Scott D. Owens, Esq. *See* DE 16, Ex. A and B. Based on these declarations and Mr. Lusskin's background, knowledge and experience, the Court finds $375 per hour to be a reasonable hourly rate for Bret L. Lusskin, Esq.

### 2. Number of Hours Reasonably Expended

In determining the hours reasonably expended, the Court must ensure that "excessive, redundant or otherwise unnecessary" hours are excluded from the amount claimed. *Norman*, 836 F.2d at 1301 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "In other words, the Supreme Court requires fee applicants to exercise 'billing judgment.'" *Id.* As the Eleventh Circuit has explained:

> Excluding excessive or otherwise unnecessary hours under the rubric of "billing judgment" means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent

> on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.

*Norman*, 836 F.2d at 1301. For example, "a fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment." *Id.* at 1306. Additionally, "[i]n a case where part of the attorney's efforts are to go uncompensated, the burden is on the attorney to provide sufficient evidence for the court to make a correct division." *Loranger*, 10 F.3d at 782 (quoting *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1139 (11th Cir. 1984)).

In this case, Plaintiffs brought claims for violation of the FDCPA, for which attorney's fees may be awarded under 15 U.S.C. §1692k(a)(3), and for violation of the TCPA, for which fees are not recoverable. *See, e.g.*, *Bauer v. Midland Credit Mgmt., Inc.*, No. 8:12-CV-614-T-23TGW, 2012 WL 6733649, at *7-8 (M.D. Fla. Dec. 4, 2012) *report & recommendation adopted,* No. 8:12-CV-614-T-23TGW, 2012 WL 6733021 (M.D. Fla. Dec. 28, 2012) (reducing requested fees by 20% because claimant's time records failed to distinguish between time spent on FDCPA and TCPA claims and failed to show TCPA claims were intertwined with FDCPA claims); *see also Sclafani v. I.C. Sys., Inc.*, No. 09-60174-CIV, 2010 WL 1029345, at *1 (S.D. Fla. Mar. 18, 2010) (noting that plaintiff's requested fees were "for work done on the FDCPA and FCCPA claims only and that the plaintiff's attorney . . . did not bill for any time or costs related to the trial on the TCPA claim"). Plaintiffs seek compensation for 14.4 hours Mr. Lusskin spent on this case, and they have submitted Mr. Lusskin's time records. *See* DE 16, Ex. A-1. Although these records do not specify whether these hours represent time spent only on the FDCPA claims, or on both the FDCPA and TCPA claims, Mr. Owens' affidavit opines "that the time sheet reflects an appropriate amount of time *attributable to the Fair Debt Collection*

4

*Practices Act*, which Act does provide for an award of attorney fees." DE 16, Ex. A at ¶ 5 (emphasis added).

Review of Plaintiffs' complaint reveals that the TCPA and FDCPA violations were based on the same telephone calls Defendant placed to Plaintiffs: the TCPA violations were based on the fact that these calls "were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice"; the FDCPA violations were based on the fact that Defendant "fail[ed] to disclose in each of its telephone calls to Plaintiffs that the communication is from a debt collector." DE 1 at ¶¶ 1, 23. The Court finds that, because the FDCPA and TCPA claims were based upon the same phone calls and therefore closely related, Plaintiffs are entitled to recover fees for all of the time listed in Mr. Lusskin's time records, and further division of Mr. Lusskin's time is not required. *Compare Stockman v. Global Credit & Collection Corp.*, No. 14 C 6862, 2015 WL 4999851, at *5 (N.D. Ill. Aug. 21, 2015) (reducing fees to represent time spent on TCPA claims because "[t]here was minimal factual overlap and no legal overlap between [Plaintiff's] TCPA claim and her FDCPA claims" in that "[n]o phone call was alleged to have violated both statutes"). The Court finds that the 14.4 hours Mr. Lusskin expended, as described in sufficient detail in his time records, to be a reasonable number of hours.

### 3. The Lodestar Amount

Multiplying the hours set forth above by the appropriate hourly rate, the Court computes the lodestar as follows: 14.4 x $375 = $5,400.

### B. Adjustments to the Lodestar

"After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained." *Norman*, 836 F.2d at 1302. "If the result was excellent, then the court should

compensate for all hours reasonably expended. . . . If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* Plaintiffs do not seek an adjustment of the lodestar amount, and this Court finds an adjustment would be inappropriate: this is a typical case alleging violations of the FDCPA and TCPA and, because Defendant failed to defend this case, Plaintiffs prevailed on all of their claims. *See, e.g., Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1368 (N.D. Ga. 2011) (finding adjustment to lodestar inappropriate in similar circumstances).

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Verified Motion for Award of Attorney's Fees [DE 16] is **GRANTED**. The Court awards Plaintiffs reasonable attorney's fees in the amount of $5,400.00, along with interest pursuant to 28 U.S.C. § 1961, for which sum let execution issue.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this <u>8th</u> day of September, 2015.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies Provided to:
Counsel of Record